# NO. 12-10-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DESTINY HARPER,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3 OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of misdemeanor theft. Initially, she was placed on deferred adjudication community supervision for six months, which was revoked. She was then placed on regular community supervision for one year, which was revoked on January 26, 2010. Thereafter, Appellant filed a notice of appeal.

To be sufficient to invoke the appellate court's full jurisdiction, the notice of appeal filed by an appellant in a criminal case must bear the trial court's certification of the appellant's right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2). TEX. R. APP. P. 25.2(d). The certification should be part of the record when the notice is filed, but may be added by timely amendment or supplementation. *Id.* Appellant's notice of appeal does not include the required certification.

On March 3, 2010, this court notified Appellant through her counsel, pursuant to Texas Rules of Appellate Procedure 25.2 and 37.1, that the notice of appeal does not include the trial court certification. The notice also informed Appellant that the appeal would be dismissed unless, on or before March 15, 2010, the clerk's record was amended to include the required certification.

The deadline for responding to this court's notice has expired, and the clerk's record has not been amended to show Appellant's right to appeal. Therefore, the appeal is ***dismissed for want of jurisdiction.***

Opinion delivered March 24, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)